UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

O'KANG ANDRE RUDDOCK,

                Petitioner,

    -against-

LOUIS MOLINA,

                Respondent.

23-CV-7163 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

Petitioner brought this petition for a writ of *habeas corpus* under 28 U.S.C. § 2241, challenging his extradition to Georgia pursuant to an order of the Governor of the State of New York. By order dated August 22, 2023, the Court held that Petitioner's Section 2241 petition was not ripe for review because he had not yet fully exhausted his remedies in the state court and dismissed it, without prejudice to refiling. Judgement was entered on August 28, 2023.[1] In November 2023, the Court received Petitioner's notice of appeal (ECF 8) and two motions for an extension of time to appeal. (ECF 6-7). For the reasons set forth below, the Court grants an extension of time to appeal.

## DISCUSSION

Under Rule 4(a)(1)(A) of the Federal Rules of Appellate Procedure, a notice of appeal in a civil case must be filed within thirty days of entry of judgment. The district court may extend the time to file a notice of appeal, however, if a motion for an extension of time is (1) filed within thirty days after expiration of the time to file notice of appeal, and (2) the movant shows excusable neglect or good cause. *See* Fed. R. App. P. 4(a)(5)(A). Because judgment was entered

---

[1] According to the mailing receipt on the docket, the order of dismissal was mailed to Petitioner at his address on Rikers Island on August 29, 2023. Petitioner is currently at Fulton County Jail in Georgia.

on August 28, 2023, Petitioner's notice of appeal would have been timely if it were filed on or before September 27, 2023. Petitioner's notice of appeal, which is dated October 7, 2023, and was received on November 2, 2023, is not timely. (ECF 8.)

The Court has authority to grant Petitioner's motion for an extension of time to appeal if it was filed on or before October 27, 2023, which is 30 days after the notice of appeal was due. Petitioner filed two nearly identical motions for extensions of time to appeal, which were received on November 1 and 2, 2023. (ECF 6-7.) Under the "prison mailbox" rule, a petitioner's application is deemed filed on the date that it is deposited in the institution's internal mailing system. *See* Rule 3(d) of the Rules Governing Habeas Corpus Cases Under Section 2254. "[I]n the absence of contrary evidence, district courts in this circuit have tended to assume that prisoners' papers were given to prison officials on the date of their signing." *Hardy v. Conway*, 162 F. App'x 61, 62 (2d Cir. 2006). Petitioner's earlier-filed motion for extension of time to appeal (ECF 6) is dated October 7, 2023, but he attaches to that motion a notice dated October 26, 2023, which suggests that he did not put his motion in the prison mailbox on October 7, 2023. The motion therefore cannot be treated as having been mailed on the date that Petitioner signed it.

The exhibit to the motion is an October 26, 2023 notice from the Court of Appeals for the Second Circuit stating that, instead of the district court, it had received the motion. Because the Clerk of the United States Court of Appeals for the Second Circuit has date-stamped Petitioner's motion for extension of time (ECF 6) as having been received in that court on October 24, 2023, the motion can be deemed filed in the district court on that date. *See* Fed. R. App. P. 4(d) ("Mistaken Filing in the Court of Appeals."). The motion thus was received before the 30-day

deadline expired on October 27, 2023, and the Court may extend the time to appeal if Petitioner shows good cause.

Petitioner indicates in his motion that he did not receive the Court's order of dismissal until September 15, 2023, three weeks after judgment entered. (ECF 6 at 1.) It therefore appears that good cause exists for Petitioner's delay in filing an appeal.

## CONCLUSION

The Court grants Petitioner's motion for an extension of time (ECF 6) and directs the Clerk of Court to terminate the duplicate motion (ECF 7) as moot.

Because the petition at this time makes no substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. 28 U.S.C. § 2253.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal.  Cf. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated: February 1, 2024
New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge

3